| UNITED STATES BANKRUPTCY COURT | WESTERN DISTRICT OF WISCONSIN |
|---|---|
| IN RE: RICHARD M. MOORE,<br><br>    Debtor. | IN BANKRUPTCY NO.: 04-14434-7<br><br>MEMORANDUM DECISION |

Richard Moore filed a voluntary Chapter 7 petition on June 17, 2004. His wife, Connie Moore, did not join in the petition and is not a debtor in bankruptcy. The debtor's discharge was ordered on October 7, 2004. Prior to this bankruptcy, Oregon Community Bank & Trust ("the Bank") obtained a judgment against Richard and Connie, as codebtors, which remains unsatisfied. On September 21, 2004, the Bank served an order on Connie Moore requiring her to appear on October 10, 2004 before a Court Commissioner in proceedings supplemental to execution. The order requires her to produce documents pertaining to her property and financial affairs. The debtor filed a Motion for Contempt against the Bank, claiming that the action against Mrs. Moore violated the § 362 automatic stay.

The Bank acknowledges that property of the debtor, including community property, was protected by the § 362 stay and is now subject to the § 524 injunction. However, the Bank contends, Mrs. Moore's individual property is available to satisfy the debt. The Bank wants to examine Mrs. Moore to determine whether Mrs. Moore has any individual property. The Bank contends that it is not attempting to enforce a judgment against property of the estate or the debtor.

Property rights are determined by state law. Butner v. U.S., 440 U.S. 48, 55 (1979). *See* Pansier v. U.S., 225 B.R. 657, 661 (E.D. Wis. 1998) ("It is well settled that state law controls the threshold determination of whether rights and interests in property exist."). A Wisconsin State

Court has determined that Mrs. Moore is liable on the debt to the Bank. State law determines the nature of Mrs. Moore's rights and interests in property, and classifies those rights and interests as either marital property or individual property pursuant to Wis. Stat. § 766.001 et seq. Marital property is a form of community property.

Pursuant to 11 U.S.C. § 541,[1] any community property belonging to the debtor and Mrs. Moore at the commencement of this case became property of the estate. The discharge injunction found in 11 U.S.C. § 524(a)(3) applies to community property acquired after the commencement of the case. Section 524 states:

> (a) A discharge in a case under this title—
> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the

---

[1] 11 U.S.C. § 541 states:
> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
> (A) under the sole, equal, or joint management and control of the debtor; or
> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

This case was commenced under § 301.

> debtor, whether or not discharge of the debt based on such community claim is waived.

Thus, in a Chapter 7 case, marital property comes into the estate, nonexempt marital property is liquidated and distributed, and exempt marital property passes out of the estate. In re Nelson, 308 B.R. 343, 346 (Bankr. E.D. Wis. 2004) (quoting In re Schmiedel, 236 B.R. 393, 398 (Bankr. E.D. Wis. 1999)).

The debtor has received a discharge. His wife has not. But to some extent the wife's interest in property acquired after her husband's discharge is rendered unavailable to the wife's creditors. "Section 524(a)(3) protects after-acquired community property from recovery for community claims incurred by either spouse, but it is not a discharge of personal liability for the nonfiling spouse." Schmiedel, 236 B.R. at 398.

While community property is protected post-discharge, the nondebtor spouse's separate property is not protected by § 524(a)(3) or any other statement of the discharge injunction. Section 524(e) states:

> Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

"Thus, a discharge of community claims operates as an injunction against attempts to collect a community debt from after-acquired community property. A creditor may collect from the nondebtor spouse's separate property." In re Strickland, 153 B.R. 909, 913 (Bankr. D.N.M. 1993). "The [creditors] were free to pursue [the nondebtor spouse's] personal liability when they did, following the debtor's discharge. Even while the Schmiedels [the debtor and nondebtor spouse] were still married, the [creditors] could have pursued [the nondebtor spouse's] separate property." Schmiedel, 236 B.R. at 398. Mrs. Moore remains liable on, and her individual

property remains liable for, the debt to the Bank.

The supplemental proceeding order named only Mrs. Moore. The debtor is not ordered or required to appear. "The protection of the automatic stay extends to any action or proceeding against an interest of the debtor. The scope of this protection is not determined solely by whom a party chose to name in the proceeding, but rather, by who is the party with a real interest in the litigation." In re Kaiser Aluminum Corp., Inc., 315 B.R. 655, 658 (D. Del. 2004). Thus, if the debtor were the party with the real interest in the litigation, the supplemental proceeding order might violate the stay. There is no evidence that that is this case. Mrs. Moore's individual property (should there be any) is not owned by her husband. He is not the real party in a proceeding to determine if she has individual property.

"Bankruptcy does not affect third-party guarantees of a debtor's obligations." National Tax Credit Partners, L.P. v. Havlik, 20 F.3d 705, 707 (7th Cir. 1994). "The automatic stay does not apply to guarantors, sureties, insurers, partners, and other persons liable on the debt." U.S. v. Wright, 57 F.3d 561, 562 (7th Cir. 1995). The automatic stay affords no protection to nondebtors or their property, nor does the discharge injunction under § 524, except to the limited extent provided by § 524(a)(3). Mrs. Moore must appear and testify as ordered. The Bank's seeking of the order is not contemnatious. The debtor's motion must be denied.

It may be so ordered.

Dated December 8, 2004

_____
ROBERT D. MARTIN
United States Bankruptcy Judge

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | WESTERN DISTRICT OF WISCONSIN |
| IN RE: RICHARD M. MOORE, | IN BANKRUPTCY NO.: 04-14434-7 |
| Debtor. | |

ORDER

---

The Court having this day entered its memorandum decision in the above-entitled matter,

IT IS HEREBY ORDERED that the debtor's Motion For Contempt is DENIED.


Dated December 8, 2004

*[signature]*
ROBERT D. MARTIN
United States Bankruptcy Judge